IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHEN DEVARY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-150-GMS |
| | ) |
| DR. DEROSIERS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington, this 11th day of Jan., 2013, having considered the plaintiff's pending motions (D.I. 72, 77);

IT IS ORDERED that the motions are **denied**, for the following reasons:

## I. Introduction

The plaintiff, Stephen DeVary ("DeVary"), a prisoner housed at the James T. Vaughn Correctional Center, Smyrna, Delaware filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and was granted leave to proceed *in forma pauperis*. (D.I. 9.) Pending before the court is DeVary's third motion for injunctive relief for medical treatment and a motion to alter the filing fee payment schedule. (D.I. 72, 77.)

## II. Injunctive Relief

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and

'should be granted only in limited circumstances.'" *Id.* (citations omitted). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (not published) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

Once again, DeVary seeks an order for the defendants to provide medical treatment by sending him to a pain management specialist and to instruct medical personnel that they should not change his pain medications. (D.I. 72.) As previously determined by the court, the allegations in the complaint and DeVary's motions indicate that he receives medication and is seen by physicians. (*See* D.I. 51.) As evidenced by the defendants' responses, DeVary's treatment continues. (*See* D.I. 76.)

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Given the record before the court, DeVary has not demonstrated the likelihood of success on the merits. The records indicate that he has received, and continues to receive, care for his medical condition, albeit not to his liking. DeVary's disagreement with his care, however, does not lead to a finding that he is entitled to injunctive relief. Nor is there indication of deliberate

indifference sufficient to grant injunctive relief. Inasmuch as DeVary has failed to show the likelihood of success on the merits, the court will deny the motions for injunctive relief. For the above reasons, DeVary's motion for injunctive relief is **denied**. (D.I. 72.)

### III. Filing Fee Payment

DeVary seeks to change the percentage of the balance of his prison trust fund account that he pays toward the filing fee. (D.I. 77) Section 1915 provides that if a prisoner brings a civil action *in forma pauperis*, he shall be required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). In addition, § 1915 provides the method for calculation of payment of filing fees by incarcerated individuals. *Id.* at § 1915(b)(1) and (b)(2). The filing fee order dated February 16, 2012 (D.I. 9) remains in effect. DeVary's motion is **denied**. (D.I. 77.)

_____
CHIEF, UNITED STATES DISTRICT JUDGE