IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHEN DEVARY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-150-GMS |
| | ) |
| DR. DEROSIERS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington, this 29th day of Jan., 2013, having considered the plaintiff's emergency motion for injunctive relief (D.I. 75);

IT IS ORDERED that the motion is **denied**, for the following reasons:

## I. Introduction

The plaintiff, Stephen DeVary ("DeVary"), a prisoner housed at the James T. Vaughn Correctional Center, Smyrna, Delaware filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and was granted leave to proceed *in forma pauperis*. Pending before the court is DeVary's fourth motion for injunctive relief for medical treatment. (D.I. 75.)

## II. Injunctive Relief

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). Because of the

intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

Once again, DeVary seeks an order for the defendants to provide medical treatment by sending him to a pain management specialist and to instruct medical personnel that they should not change his pain medications. (D.I. 75.) As previously determined by the court, the allegations in the complaint and DeVary's motions indicate that he receives medication and is seen by physicians. (*See* D.I. 51, 83.) As evidenced by the defendants' response, DeVary's treatment continues. (*See* D.I. 82.)

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Given the record before the court, DeVary has not demonstrated the likelihood of success on the merits. The records indicate that he has received, and continues to receive, care for his medical condition, albeit not to his liking. DeVary's disagreement with his care, however, does not lead to a finding that he is entitled to injunctive relief. Nor is there indication of deliberate

indifference sufficient to grant injunctive relief. Inasmuch as DeVary has failed to show the likelihood of success on the merits, the court will deny the motions for injunctive relief.

For the above reasons, DeVary's motion for injunctive relief is **denied**. (D.I. 75.) DeVary is placed on notice that future motions for injunctive relief seeking the same or similar relief in the form of medical treatment will be docketed, but not considered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE