IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHEN DEVARY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-150-GMS |
| | ) |
| DR. DEROSIERS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington, this 3rd day of May, 2013, having considered the plaintiff's motions for injunctive relief (D.I. 91, 95, 98) and request for counsel (D.I. 99);

IT IS ORDERED, as follows:

### I. Introduction

The plaintiff, Stephen DeVary ("DeVary"), a prisoner housed at the James T. Vaughn Correctional Center, Smyrna, Delaware filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and was granted leave to proceed *in forma pauperis*. Pending before the court are three motions for injunctive relief and a request for counsel, all filed by DeVary. (D.I. 91, 95, 98, 99.) DeVary was previously placed on notice that future motions for injunctive relief seeking the same or similar relief in the form of medical treatment will be docketed, but not considered. At first blush it does not appear that the instant motions for injunctive relief sought the same or similar medical treatment. Therefore, the court considers the merits of the motion.

### II. Injunctive Relief

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting

preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

DeVary seeks orders for: (1) Correct Care Solutions ("CCS") to locate and return a medical device; (2) CCS to provide dental care; and (3) the defendants to allow the plaintiff to communicate with his physician and for access to his medical records (D.I. 91, 95, 98). Initially the court notes that DeVary's complaint raises claims regarding treatment to his shoulder following an injury.

### A. Triple Play Pump, D.I. 91

DeVary indicates that following shoulder surgery he was provided a Triple Play Pump. The pump was taken by a correctional officer and a nurse. The company that provided the pump, Compression Solutions, Inc. ("Compression Solutions") wrote DeVary for return of the device. DeVary sent a copy of the request to the medical director, but received no response. He recently received a bill from Compression Solutions for the cost of the device. In addition, DeVary received correspondence stating that he would be charged for his surgery if he did not provide the proper insurance information. DeVary also forwarded that letter to the medical director. DeVary asks the court to order CCS to locate and return the pump and to provide the proper insurance information.

Given the record before the court, DeVary has not demonstrated the likelihood of success on the merits as the motion found at Docket Item 91. Therefore, the motion (D.I. 91) will be denied. However, the court will order CCS to advise the court of the status of the pump (i.e., whether it has been located returned) and whether it has provided the necessary insurance information to DeVary's medical providers.

### B. Dental, D.I. 95

DeVary seeks an order for CCS to: (1) find adequate dentists for the VCC; (2) make and enforce dental policies; and (3) complete all dental work he requires. DeVary's complaint concerns a shoulder injury and sequent care. It does not raise dental needs issues. Moreover, records attached to th defendants' opposition indicate that DeVary has received dental treatment.

DeVary has not demonstrated the likelihood of success on the merits. Therefore, the motion (D.I. 95) will be denied.

### C. Dr. Gabriel Lewullis, D.I. 99

DeVary seeks injunctive relief for the defendants to: (1) allow him to have full correspondence with Lewullis, his surgeon; (2) require Dr. Lewullis to release medical records to him; and (3) have Dr. Lewullis review his medical records and file an affidavit of merit. To the extent that DeVary wishes to correspond with his surgeon, it does not appear that the defendants have the authority to grant that request. Rather, in the court's experience, prison officials make the determination with whom an inmate may correspond. With regard to obtaining medical records, DeVary has available the means of discovery through the Federal Rules of Civil Procedure. Finally, to the extent that DeVary seeks a medical expert, Rule 706 provides that the trial judge has broad discretion to appoint an independent expert answerable to the court, whether

3

*sua sponte* or on the motion of a party. *Ford v. Mercer County Corr. Ctr.*, 171 F. App'x 416, 420 (3d Cir. 2006) (unpublished). The policy behind the rule is to promote the jury's factfinding ability. *Id.* (citations omitted). *See Ledford v. Sullivan*, 105 F.3d 354, 359-60 (7th Cir. 1997) (jury could comprehend whether plaintiff's medical needs were "serious" without the aid of a court-appointed expert). At this stage of the proceedings it is not clear that expert testimony is necessary. Moreover, to the extent that DeVary seeks to now raise a medical negligence claim under Delaware law, DeVary was required to submit an affidavit of merit as to each defendant signed by an expert witness at the time he filed the complaint - not at this late date. *See* 18 Del. C. § 6853(a)(1).

DeVary has not demonstrated the likelihood of success on the merits. Therefore, the motion (D.I. 98) will be denied.

## III. Request for Counsel

DeVary seeks counsel for a number of reasons, including, but not limited to, that his case has strong merit, he is unskilled in the law, an attorney will assist in discovery, and he has unsuccessfully sought counsel. (D.I. 99). A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.".

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

At present, DeVary's filings indicate that he possesses the ability to adequately pursue his claims. Upon consideration of the record, the court is not persuaded that representation by an attorney is warranted at this time. The court can address the issue at a later date should counsel become necessary. Accordingly, the court will deny the request for counsel. (D.I. 99.)

IT IS THEREFORE ORDERED, that:

1. The motion injunctive relief (D.I. 91) is **denied**. CCS shall advise the court within **fourteen (14) days** of the date of this Memorandum Order of status of the Triple Play Pump (i.e., whether it has been located and returned) and whether it has provided the necessary insurance information to DeVary's medical service providers.

2. The motion for injunctive relief (D.I. 95) is **denied**.

3. The motion for injunctive relief (D.I. 98) is **denied**.

4. The request for counsel (D.I. 99) is **denied** without prejudice to renew.

5. DeVary is again placed on notice that future motions for injunctive relief seeking the same or similar relief in the form of medical treatment will be docketed, but not considered. In

addition, motions for injunctive relief on issues unrelated to the claims in the complaint will be docketed, but not considered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE