IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHEN DEVARY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-150-GMS |
| | ) |
| DR, DESROSIERS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

## I. INTRODUCTION

The plaintiff, Stephen DeVary ("DeVary"), a prisoner housed at the James T. Vaughn Correctional Center, Smyrna, Delaware filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and was granted leave to proceed *in forma pauperis*. (D.I. 9.)

Before the court are the defendants' motions to dismiss the amended complaint (D.I. 38, 57, 61). In addition, DeVary has filed two motion to amend (D.I. 68, 97) and two motions to compel (D.I. 71, 88). Finally, the defendant Sean Moore ("Moore") filed a motion to join (D.I. 69) a motion for protective order tolling the time to respond to plaintiff's discovery demands filed by the defendants Correct Care Solutions, LLC ("Correct Care") and Dr. Desrosiers.[1]

## II. BACKGROUND

DeVary filed his complaint pursuant to 42 U.S.C. § 1983 raising medical needs claims and a supplemental State claim for medical negligence. (D.I. 3.) On May 8, 2012, the court screened the complaint (D.I. 3), amended page 2 (D.I. 6), and the amended complaint (D.I. 11)

---

[1]The court docket does not contain a motion for protective order tolling the time to respond to plaintiff's discovery demands filed by the defendants Correct Care and Dr. Desrosiers. Accordingly, Moore's motion to join (D.I. 69) will be denied as moot.

pursuant to 28 U.S.C. § 1915A and identified what appeared to be non-frivolous and cognizable medical needs claims against the defendants, Dr. Desrosiers, Correct Care, and at that time unnamed John Doe physical therapist, later identified as Sean Moore ("Moore"). (*See* D.I. 36, 41.) DeVary filed an amended complaint (D.I. 26) and, once again, the court screened the amendment complaint pursuant to § 1915A finding that DeVary had identified what appeared to be non-frivolous and cognizable medical needs claims against the defendants. Service packets were forwarded to the U.S. Marshals Service on July 10, 2012. The record reflects that Correct Care executed a waiver of service (D.I. 70) and, although there is no indication that Moore executed a waiver of service, he answered the complaint (D.I. 46).

The defendants Correct Care and Dr. Desrosiers have filed two motions to dismiss (D.I. 38, 57) which are identical, and Moore filed a motion to join the motions to dismiss (D.I. 61). On August 16, 2012, DeVary filed a motion to amend and attached a proposed amended complaint in accordance with this court's instruction that "[s]hould DeVary seek to amend, he shall provide the court with the entire amended pleading." (D.I. 52.) On March 18, 2013, DeVary filed a duplicate of the proposed amended complaint found at D.I. 52, without leave to amend. (*See* D.I. 97.) DeVary has also filed two motions to compel (D.I. 71, 88).

### III. MOTION TO AMEND

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b), whichever is earlier. Otherwise, a party may amend its pleading

only with the opposing party's written consent or the court's leave. Rule 15 provides that court should freely give leave to amend when justice so requires.

The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *See also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000).

Here, DeVary seeks leave to amend to consolidate his claims into one pleading. His claims have not changed. The motion for leave to amend (D.I. 68) will be granted. Docket item 97 is improperly docketed as a motion. The pleading, however, is identical to the proposed amendment complaint attached to the instant motion to amend. Therefore, the Clerk of Court will be directed to correct the court docket to reflect that docket item 97 is a second amended complaint and to file it *instanter*. The second amended complaint does not name as a defendant physical therapist John Doe 4. Therefore, the Clerk of Court will be directed to terminate John Doe 4 as a defendant on the court docket.

## IV. MOTION TO DISMISS

### A. Standard of Review

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to DeVary. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, although, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Because DeVary proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

The defendants move to dismiss on the grounds that DeVary has failed to allege the elements of claims pursuant to 42 U.S.C. § 1983 and has failed to provide an affidavit merit sufficient to support his State law claims under 18 Del. C. § 6853.

## B. Discussion

The motions to dismiss will be granted in part and denied in part. This court screened the complaints and its amendments on two occasions and identified non-frivolous and cognizable medical needs claims. (*See* D.I. 36, 54 Nothing has changed since the screening of the complaints and amendments. Therefore, the court will deny the motions to dismiss the claims raised pursuant to 42 U.S.C. § 1983. In addition, the court has screened the second amended complaint, discussed hereinabove and, once again, identifies non-frivolous and cognizable medical needs claims raised against the defendants pursuant to 42 U.S.C. § 1983.

DeVary also raises State medical negligence claims. The defendants move for dismissal of the claims on the grounds that DeVary has failed to comply with statutory requirements when filing a medical negligence case. In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. 18 Del. C. §§ 6801-6865. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury. *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); 18 Del. C. § 6853.

Because DeVary alleges medical negligence, at the time he filed the complaint he was required to submit an affidavit of merit as to each defendant signed by an expert witness. *See* 18 Del. C. § 6853(a)(1). The court has reviewed the record and finds that DeVary failed to accompany the complaint with an affidavit of merit as required by 18 Del. C. § 6853(a)(1).

Therefore, the court will grant the defendants' motions to dismiss the State medical negligence claims.

## V. MOTIONS TO COMPEL

DeVary filed two motions (D.I. 71, 88) to compel the defendants to respond to discovery. However the motions contain no certificates of service showing proof of service upon the defendants or their counsel as required by Fed. R. Civ. P. 5(d). Therefore, the court will deny the motions without prejudice to renew.

In addition, the court will give the defendants additional time to respond to all outstanding discovery and will enter a scheduling order.

## VI. CONCLUSION

For the above reasons, the court will: (1) grant in part and deny in part the motions to dismiss (D.I. 38, 57, 61); (2) grant the motion to amend (D.I. 68); (3) deny as moot the motion to join (D.I. 69); (4) deny the motions to compel (D.I. 71, 88); and (5) order the Clerk of Court to correct the court docket to reflect that D.I. 97, improperly docketed as a motion, is the second amended complaint.

An appropriate order will be issued.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

_____, 2013
Wilmington, Delaware

6