IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHEN DEVARY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-150-GMS |
| | ) |
| DR. DEROSIERS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 19th day of Sept, 2013;

IT IS ORDERED that the plaintiff's motion for reconsideration (D.I. 114) is **denied**, for the reasons that follow:

The defendant Stephen DeVary ("DeVary") appears *pro se* and has been granted leave to proceed in forma pauperis. DeVary filed this lawsuit pursuant to 42 U.S.C. § 1983 raising medical needs claims. He also raised a supplemental state claim for medical negligence.

The defendants filed a motion to dismiss and, on September 3, 2013, the court dismissed the medical negligence claims because DeVary did not submit an affidavit of merit as to each defendant signed by an expert witness at the time he filed the complaint as is required by 18 Del. C. § 6853(a)(1). DeVary moves for reconsideration of the dismissal of the state medical negligence claims. (D.I. 114.)

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or

(3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

DeVary argues that reconsideration is appropriate because he is an incarcerated pro se litigant and it is impossible for him to secure, produce, or in any way, obtain an affidavit of merit. Section 6853 of Title 18 of the Delaware Code provides that "[n]o healthcare negligence lawsuit shall be filed in this State unless the complaint is accompanied by . . . [a]n affidavit of merit as to each defendant signed by an expert witness . . . . stating that there are reasonable grounds to believe that there has been healthcare medical negligence committed by each defendant." *Steedley v. Surdo-Galef,* 2013 WL 1228019, at *1 (Del. Mar. 26, 2013) quoting 18 Del. C. § 6853(a)(1)). The only exceptions to this requirement are when the alleged medical negligence involves: (i) a foreign body unintentionally left within the patient following surgery; (ii) a fire or explosion originating in a substance used in treatment and occurring during the course of treatment; or (iii) a surgical procedure on the wrong patient or wrong body part. *Id.* (citing 18 Del. C. § 6853(b), (e)).

DeVary failed to file an affidavit of merit and his allegations of medical negligence do not fall within one of the exceptions to the affidavit requirement set forth in Section 6853(e). DeVary he seeks assistance from the court in obtaining an affidavit of merit which requires a medical expert, but the Court lacks authority to appoint an expert witness for DeVary at the public's expense. *See e.g., Boring v. Kozakiewicz,* 833 F.2d 468, 474 (3d Cir. 1987) ("Congress

has authorized the courts to waive prepayment of such items as filing fees and transcripts if a party qualifies to proceed in forma pauperis. 28 U.S.C. § 1915. However, we have been directed to no statutory authority nor to any appropriation to which the courts may look for payment of expert witness fees in civil suits for damages. Provisions have been made for expert witness fees in criminal cases, 18 U.S.C. § 3006A(e)(1), but not in civil damage suits.").

DeVary has failed to demonstrate any of the necessary grounds to warrant reconsideration of the court's September 3, 2013 order. Therefore, the motion for reconsideration is **denied**. (D.I. 114.)

_____
CHIEF, UNITED STATES DISTRICT JUDGE